**FILED**
JUL 24 2014
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DAWN STENSTROM, GUARDIAN AD LITEM FOR L.M.J., | ) ) ) ) Civ. No. 14-3010 |
| Plaintiff, | ) ) ) |
| vs. | ) ) COMPLAINT |
| CITY OF PIERRE, a municipal corporation, its agents, subsidiaries and employees, ROBERT GRANDPRE, Chief of Police, JOHN AND JANE DOES 1-4 individually and in their official capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

The Plaintiff states and alleges as follows:

### JURISDICTIONAL STATEMENT

1. The Plaintiff, Dawn Stenstrom, and her daughter L.M.J., are both residents of Pierre, South Dakota.

2. The Defendant City of Pierre is a municipal corporation organized and existing under the laws of the State of South Dakota.

3. The defendant law enforcement officers' names have not been made public, but all four are employees of the City of Pierre, South Dakota and, upon information and belief, are residents of South Dakota. Their names will be added by amendment when they become known through discovery.

4. The law enforcement officers were acting both individually, and in their capacities as agents, servants and employees of the Pierre Police Department.

5. The excessive force alleged, the subject matter of this litigation, took place in Hughes County, South Dakota, within the confines of the Central Division of the United States District Court of the State of South Dakota.

### GENERAL ALLEGATIONS

6. On October 4, 2013, L.M.J., a little seventy-pound eight year old girl, was in the care of a babysitter at L.M.J.'s mother's home at 2431 East Sully Avenue in Pierre, South Dakota.

7. The babysitter called the police on L.M.J. because the babysitter believed L.M.J. had grabbed a paring knife and was threatening to harm herself.

8. Four law enforcement officers arrived within minutes.

9. The law enforcement officers surrounded L.M.J., trapping her in that area near the kitchen where the hallway opened to the back of the trailer house.

10. L.M.J. was told that if "(you) don't drop the knife, I am going to shoot you with this (taser)," or words to that effect.

11. Within seconds, one of the officers shot L.M.J. in the chest with his taser. The force of the electricity shot through her body, lifted her, and threw her against the wall. After the officers had stunned L.M.J. into high voltage submission, they pulled the fish-hook like taser darts from her chest, gave her emergency medical attention, bandaged the holes left by the razor-sharp hooks, and called the ambulance.

12. The conduct of the individual Defendants violated L.M.J.'s right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983,

## COUNT ONE: FAILURE TO TRAIN & SUPERVISE

13. Paragraphs 1-12 are realleged as fully set forth.

14. The City of Pierre and Chief of Police at the time of the incident, Robert Grandpre, failed to train and supervise Pierre police officers in the use of a taser, when a taser should be used, and in the use of a taser on a child.

15. These failures proximately caused those injuries to L.M.J. as described herein.

## COUNT ONE: EXCESSIVE USE OF FORCE

16. Paragraphs 1-12 are realleged as fully set forth.

17. As a direct and proximate result of the afore described unlawful and malicious physical, mental and emotional abuse of L.M.J. by Pierre Police Department officers 1-4, as well as their use of excessive force, committed under color of law and under each individual's authority as a City of Pierre police officer, L.M.J. suffered grievous bodily harm, physical pain, emotional suffering, and the deprivation of the right to be free of unreasonable seizure of her person, in violation of the laws of the United States.

## COUNT TWO: JOINT TORT-FEASORS

18. Paragraphs 1-12 are realleged as fully set forth.

19. That all the Defendants acted jointly and in concert with one another and in such a fashion that they are jointly and severally liable for all injuries suffered by L.M.J.

## COUNT THREE: PUNITIVE DAMAGES

20. Paragraphs 1-12 are realleged as fully set forth.

21. In the manner described above, the Defendants acted with reckless disregard of L.M.J.'s constitutional rights.

22. The Defendants knew or should have known their actions would or probably would inflict extreme emotional distress upon a child, and did so inflict extreme emotional distress upon L.M.J.

23. The Defendants' actions were extreme and outrageous.

24. As so described, the Defendants deprived L.M.J. of her right to freedom from unreasonable arrest, search & seizure, warrantless arrest and excessive force, all in violation of the Fourth, Eighth and Fourteenth Amendment of the United States Constitution and by 42 U.S.C. 1983, et seq.

25. In all these actions, Defendants were extreme, willful and wanton and L.M.J. is entitled to punitive damages in an amount to be determined by a jury.

## PRAYER FOR RELIEF

L.M.J. requests:

1. Compensatory damages consisting of pain and suffering, medical expenses, future medical expenses, lost wages, disability, loss of enjoyment of life, and the recoupment of attorneys' fees, all in an amount in excess of $100,000.00, to be determined by a jury;

2. Punitive damages in an amount that this Court shall consider to be just, reasonable, and fair;

3. Attorneys' fees and costs, pursuant to 42 U.S.C. 1988(b);

4. For such other relief as the Court shall consider to be fair and equitable.

Dated this 24th day of July, 2014.

_____
Patrick K. Duffy
Attorney for Plaintiff
PO Box 8027
Rapid City, SD 57709
(605) 342-1963
jglanzer@duffylaw.pro

_____
Dana Hanna
Attorney for Plaintiff
PO Box 3080
Rapid City, SD 57709
(605) 791-1832
dhanna@midconetwork.com